UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN FIFFIE * | |
| * | CIVIL ACTION NO. _____ |
| Plaintiff * | |
| * | SECTION: _____ |
| VERSUS * | |
| * | JUDGE: _____ |
| * | |
| TAYLOR-SEIDENBACH, INC.; THE CAJUN * | MAG. JUDGE: _____ |
| COMPANY f/k/a The Cajun Insulation Company; * | |
| EAGLE, INC., f/k/a EAGLE ASBESTOS & * | |
| PACKING CO., INC.; MCCARTY * | |
| CORPORATION; ANCO INSULATIONS, INC.; * | |
| CAIRE AND GRAUGNARD OF LOUISIANA, * | |
| LLC; CAIRE AND GRAUGNARD; RIVER * | |
| PARISH MAINTENANCE, INC.; HUNTINGTON * | |
| INGALLS INCORPORATED, F/K/A * | |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., * | |
| F/K/A AVONDALE INDUSTRIES; TRAVELERS * | |
| CASUALTY AND SURETY COMPANY, F/K/A * | |
| THE AETNA CASUALTY AND SURETY * | |
| COMPANY, as the Liability Insurers of the * | |
| following Avondale Executive Officers: Henry * | |
| "Zac" Carter, John Chantrey, Hettie Margaret * | |
| "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, * | |
| C. Edwin Hartzman, George Kelmell, John McCue, * | |
| Ewing Moore, James O'Donnell, J.D. Roberts, Earl * | |
| Spooner, Peter Territo, and Steven Kennedy; * | |
| CERTAIN UNDERWRITERS AT LLOYD'S * | |
| LONDON, as the Liability Insurers of the * | |
| following Avondale Executive Officers: Henry * | |
| "Zac" Carter, John Chantrey, Hettie Margaret * | |
| "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, * | |
| C. Edwin Hartzman, George Kelmell, John McCue, * | |
| Ewing Moore, James O'Donnell, J.D. Roberts, Earl * | |
| Spooner, Peter Territo, and Steven Kennedy; * | |
| UNION CARBIDE CORPORATION; SHELL OIL * | |
| CORPORATION; OCCIDENTAL CHEMICAL * | |

| | |
|---|---|
| CORPORATION, individually and as successor-in-Interest to Hooker Chemicals & Plastic Corporation; and IMTT-GEISMAR | * * * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2021-07575 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

On September 22, 2021, Plaintiff, Alvin Fiffie, filed a Petition for Damages naming Avondale and numerous other entities as defendants.[1] The Petition alleges that Plaintiff was diagnosed with mesothelioma on or about March 18, 2021, as a consequence of his occupational exposure to asbestos from multiple sources.[2] Regarding his Avondale employment, Plaintiff alleges that he was exposed to "injurious levels of asbestos while working as a rigger and mechanic's helper at Avondale shipyard in Avondale, Louisiana from approximately 1969 to 1972."[3] Furthermore, "[w]hile Mr. Fiffie was using and/or in the vicinity of others using or handling asbestos and/or asbestos-containing products (including but not limited to boilers, turbines, pumps, valves, gaskets, refractory materials, and insulation), dangerously high levels of asbestos fibers escaped into the ambient air of the workplace, resulting in Mr. Fiffie breathing those fibers."[4] Plaintiff alleges that as a direct and proximate result of this exposure to asbestos, he contracted malignant mesothelioma.[5] Plaintiff makes allegations of negligence and strict liability on the part of Avondale as an employer defendant.[6] Although the Petition for Damages makes broad allegations of exposure to asbestos attributable to Avondale, it does not link Plaintiff's alleged exposures to any vessels that Avondale built, refurbished, or repaired for the United States government.

---

[1] Exhibit A: Petition for Damages.
[2] *Id.* at ¶¶ 6-7.
[3] *Id.* at ¶ 7(A).
[4] *Id.* at ¶¶ 7(A) and 30(B).
[5] *Id.* at ¶ 11.
[6] *Id.* at ¶¶ 29-31.

3.

On January 28, 2022, Plaintiff responded to discovery issued by Avondale.[7] When asked to describe and/or identify his different sources of asbestos exposure at Avondale, his job functions and the vessels on which he was allegedly exposed to asbestos, Plaintiff objected and referred Avondale to his Social Security Earnings Report, his January 28, 2022 responses to master discovery and attachments thereto, and/or the allegations in the Petition for Damages.[8] However, Plaintiff also attached nine (9) affidavits specifically referring to his Avondale employment.[9] In each of these Affidavits, Plaintiff attested that he was employed by Avondale from approximately 1966-1970 as a mechanic's helper and rigger.[10] As a mechanic's helper, Plaintiff cleaned tools and handed them to the mechanics; as a rigger, he moved and lifted heavy equipment in the shipyard *and on ships*.[11] Plaintiff attested that "*Both of these positions took me throughout the shipyard and on various ships being newly constructed or overhauled,*"[12] and that work "*on a daily basis* placed him in close proximity to various trades, including boilermakers, pipefitters, insulators, machinists, and general laborers.[13] While working in close proximity with these various trades, Plaintiff attested that he was exposed to various asbestos-containing products including, but not limited to, insulating cement, pipe covering, castable refractories, gaskets, pumps,

---

[7] Exhibit B: Plaintiff's Responses to Huntington Ingalls Incorporated [sic] Interrogatories, Requests for Admission, and Request for Production of Documents.
[8] Exhibit B: Plaintiff's Responses to Interrogatory Nos. 6-10 and 15.
[9] See Exhibit B at pp. 24 and 28-35 (Affidavits of Alvin Fiffie dated May 4, 2021).
[10] *Id.* at ¶ 2.
[11] *Id.*
[12] *Id.* (emphasis added).
[13] *Id.* at ¶ 2 or ¶ 3.

4

compressors, valves, and boilers.[14] Finally, Plaintiff attested that the job duties these tradesmen performed often included the alteration and/or repair of asbestos-containing materials, creating a visibly dusty work environment, and that cleaning up the leftover debris created a dusty environment, which dust permeated his clothing and caused him to "breath[] in the visible dust."[15]

4.

During Plaintiff's Avondale employment period, 1969 to 1972, forty-one (41) of the sixty-eight (68) vessels under construction at Avondale were constructed pursuant to contracts with the federal government. More specifically, Avondale was constructing vessels built pursuant to contracts with the United States Navy, the United States Coast Guard, and the United States Maritime Administration ("MARAD"). These vessels included U.S. Navy Destroyer Escorts and U.S. Coast Guard Cutters for the U.S. Navy and Coast Guard, as well as States Steamship Lines cargo vessels and Prudential Lines, Pacific Far East Lines, and Delta Steamship Lines LASH cargo vessels for MARAD. These vessels were built with asbestos-containing products and materials pursuant to Navy, Coast Guard, and MARAD's requirements. Thus, to the extent Plaintiff is alleging exposure from asbestos-containing materials at Avondale during this time, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy, U.S. Coast Guard, and MARAD vessels.

---

[14] *Id.* at ¶ 4.
[15] *Id.* at ¶ 4 or ¶ 5.

5.

Plaintiff's January 28, 2022 discovery responses revealed, for the first time, that he is claiming exposure to asbestos at Avondale attributable, in part, to asbestos required and destined for use on U.S. Navy, U.S. Coast Guard, and MARAD vessels (the "Federal Vessels") pursuant to Avondale's contracts with the United States government.

6.

This removal is being filed within thirty days of receipt of Plaintiff's discovery responses on January 28, 2022, and is, therefore, timely under 28 U.S.C. § 1446.

7.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

8.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

9.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the U.S. Navy Destroyer Escorts and U.S. Coast

Guard Cutters pursuant to contracts with the U.S. Navy and U.S. Coast Guard because the federal government contracted with Avondale to perform a task that the government otherwise would itself have had to perform – namely, to build ships "used to help conduct a war" and to further other national interests. *E.g., Watson v. Philip Morris Companies, Inc.,* 551 U.S. 142, 154-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.,* No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

10.

Avondale was also "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the States Steamship Lines cargo vessels and Prudential Lines, Pacific Far East Lines, and Delta Steamship Lines LASH cargo vessels pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co*., No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

11.

If Plaintiff was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

12.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1). The strict liability claims against Avondale make the case removable under *Savoie,* 817 F.3d at 465. Those strict liability claims are indisputably "claims for or related to acts performed under color of federal office." *Id.*

13.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

14.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy, U.S. Coast Guard, and MARAD.

15.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, the U.S. Coast Guard, and MARAD.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels.  If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Occupational Health and Safety Act, the Walsh-Healey Public Contracts Act, and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941.  Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction.  United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

21.

Avondale raises three colorable federal defenses to one or more of the Plaintiff's claims in this action. First, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Navy, U.S. Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune

11

from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Third, one or more of Plaintiff's claims is pre-empted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq. See, i.e., Ingalls Shipbuilding Corp., Div. of Litton Sys. v. Morgan,* 551 F.2d 61, 62 (5th Cir. 1977); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 (5th Cir. 1995).

25.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co*., 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

26.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

27.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2021-07575 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I hereby certify by my signature that a copy of the foregoing pleading has been filed with the Clerk of Court using the CM/ECF system on February 23, 2022. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. | **BLUE WILLIAMS, L.L.C.**<br><br>*/s/ Erin H. Boyd*<br>BRIAN C. BOSSIER (#16818) **T.A.**<br>EDWIN A. ELLINGHAUSEN, III (#1347)<br>CHRISTOPHER T. GRACE, III (#26901)<br>ERIN H. BOYD (#20121)<br>LAURA M. GILLEN (#35142)<br>WHITNEY C. STEWART (#38905)<br>3421 N. Causeway Blvd., Suite 900<br>Metairie, LA 70002<br>Phone: (504) 831-4091<br>Fax: (504) 837-1182<br>Email: eboyd@bluewilliams.com<br>avondaleasbestos@bluewilliams.com<br>***Counsel for Huntington Ingalls Incorporated*** |