CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2021-07575

ALVIN FIFFIE

VERSUS

TAYLOR-SEIDENBACH, INC. ET AL.

DIVISION "C"

SECTION 10

FILED: _____   _____
                                  DEPUTY CLERK

### PETITION FOR DAMAGES

NOW COMES Petitioner, by and through undersigned counsel, who respectfully alleges the following:

1. Petitioner, Alvin Fiffie, is an adult resident citizen domiciled in the State of Louisiana.

2. The following defendants are either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein), for the claims asserted herein:

**MANUFACTURER, VENDOR, CONTRACTOR AND SUPPLIER DEFENDANTS**

1. TAYLOR-SEIDENBACH, INC.;
2. THE CAJUN COMPANY f/k/a The Cajun Insulation Company;
3. EAGLE, INC., f/k/a EAGLE ASBESTOS & PACKING CO., INC.;
4. MCCARTY CORPORATION;
5. ANCO INSULATIONS, INC.;

**EMPLOYER/EXECUTIVE OFFICERS DEFENDANTS**

6. CAIRE AND GRAUGNARD OF LOUISIANA, LLC;
7. CAIRE AND GRAUGNARD;
8. RIVER PARISH MAINTENANCE, INC.;
9. HUNTINGTON INGALLS INCORPORATED, F/K/A NORTHROP GRUMMAN SHIP SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES;
10. TRAVELERS CASUALTY AND SURETY COMPANY, F/K/A THE AETNA CASUALTY AND SURETY COMPANY, as the Liability Insurers of the following Avondale Executive Officers: Henry "Zac" Carter, John Chantrey, Hettie Margaret "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, C. Edwin Hartzman, George Kelmell, John McCue, Ewing Moore, James O' Donnell, J.D. Roberts, Earl Spooner, Peter Territo, and Steven Kennedy;
11. CERTAIN UNDERWRITERS AT LLOYD'S LONDON, as the Liability

1



        Insurers of the following Avondale Executive Officers: Henry "Zac" Carter, John Chantrey, Hettie Margaret "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, C. Edwin Hartzman, George Kelmell, John McCue, Ewing Moore, James O' Donnell, J.D. Roberts, Earl Spooner, Peter Territo, and Steven Kennedy;

### PREMISE DEFENDANTS

12. UNION CARBIDE CORPORATION;

13. SHELL OIL CORPORATION;

14. OCCIDENTAL CHEMICAL CORPORATION, individually and as successor-in-interest to Hooker Chemicals & Plastic Corporation;

15. IMTT-GEISMAR;

3. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach, Inc. is a domestic corporation licensed to do business in this State and has designated as their primary business offices and/or primary place of businesses in Louisiana as Orleans Parish.

4. This action is within the jurisdiction of the court, and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed contributed to Plaintiff's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its co-defendants, and defendant Taylor-Seidenbach, Inc. is domiciled in Orleans Parish.

5. Additionally, this action is within the jurisdiction of this court and Orleans is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure 74, because Plaintiff suffered injurious exposure to asbestos within Orleans Parish.

6. Petitioner Alvin Fiffie was diagnosed with mesothelioma on or about March 18, 2021, all as a consequence of his exposure to asbestos and the tortious acts of Defendants as set forth herein. As a direct and proximate result of the delictual conduct of Defendants, Petitioner suffered physically, financially, mentally and emotionally.

### BACKGROUND

7. Petitioner Alvin Fiffie was exposed to injurious levels of asbestos from the following sources:

    A. Occupational exposure to injurious levels of asbestos while working as a rigger and mechanic's helper at Avondale shipyard in Avondale, Louisiana from 1969-1972. While Mr. Fiffie was using and/or in the vicinity of others using or handling asbestos and/or asbestos-containing products (including but not limited to boilers, turbines, pumps,

valves, gaskets, refractory materials, and insulation), dangerously high levels of asbestos fibers escaped into the ambient air of the workplace, resulting in Mr. Fiffie breathing those fibers.

   B. Occupational exposure to injurious levels of asbestos while working as a laborer for Caire and Graugnard sugar mill in Thibodaux, Louisiana from 1970-1974. As a laborer, Mr. Fiffie handled and cleaned up debris from the boilers and other mechanical equipment, causing him to be exposed to injurious amounts of asbestos.

   C. Occupational exposure to injurious levels of asbestos while working as a laborer at Mechanical Services, Inc. between 1973-1980. While working at Mechanical Services, Inc., Mr. Fiffie worked on maintenance shutdowns at Hooker Chemical's facility located in Taft, Louisiana. During shutdowns, Mr. Fiffie repaired and manipulated asbestos containing materials. Also, heavy maintenance was performed in Mr. Fiffie's presence, including the disturbance and application of asbestos-containing thermal insulation. All of this work caused Mr. Fiffie to inhale injurious amounts of asbestos fibers.

   D. Occupational exposure to injurious levels of asbestos while working as a laborer at River Parish Maintenance in 1975. While working at River Parish Maintenance, Mr. Fiffie worked on maintenance shutdowns at Union Carbide's facility located in Taft, Louisiana. During shutdowns, heavy maintenance was performed by Mr. Fiffie and in Mr. Fiffie's presence, including the disturbance and application of asbestos-containing thermal insulation. All of this work caused Mr. Fiffie to inhale injurious amounts of asbestos fibers.

   E. Occupational exposure to injurious levels of asbestos while working at Tracor Hydro-Services, Inc. from 1978-1984. While working at Tracor Hydro-Services, Inc., Mr. Fiffie cleaned piping systems, heavy equipment, and insulated steam lines at Union Carbide's facility located in Taft, Louisiana. In performing this work, Mr. Fiffie handled and disturbed asbestos containing materials, including thermal insulation.

   F. Occupational exposure to injurious levels of asbestos while working as a security guard at G4S Secure Solutions from 1984-1998. While working as a security guard, Mr. Fiffie worked at Union Carbide's facility located in Taft, Louisiana as well as Shell Oil located in Norco, Louisiana. At these locations, Mr. Fiffie worked in close proximity to the repair and maintenance of asbestos containing materials, including boilers, valves, pumps, valves, refractory materials and insulated piping systems. While Mr. Fiffie

was using and/or in the vicinity of others using or handling asbestos and/or asbestos-containing products (including but not limited to boilers, pumps, valves, gaskets, refractory materials, and insulation), dangerously high levels of asbestos fibers escaped into the ambient air of the workplace, resulting in Mr. Fiffie breathing those fibers.

   G. Occupational exposure to injurious levels of asbestos while working as a custodian for Quality Wholsesale Supply, Inc. from 1998-2011. While working as a custodian, Mr. Fiffie worked at IMTT's facility located in Geismar, Louisiana. At this location, Mr. Fiffie handled and disposed of asbestos containing materials. In the process of handling and disposing of asbestos containing materials at IMTT, Mr. Fiffie breathed dangerous amounts of asbestos fibers.

  8. Before and during Mr. Fiffie's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the locations and/or facilities listed in Paragraph 7, from which Mr. Fiffie was exposed to asbestos-containing products, equipment, construction materials, insulation, friction components, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

  9. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

  10. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Mr. Fiffie, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

  11. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 7, Mr. Fiffie contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Mr. Fiffie's malignant mesothelioma was diagnosed on or around March 2021.

## GENERAL NEGLIGENCE ALLEGATIONS

  12. On information and belief, Defendants identified in Paragraph 2 were responsible to provide Mr. Fiffie with warnings concerning hazardous conditions at their sites and/or their use

of hazardous materials, and generally to provide Mr. Fiffie with safe premises in order to protect life, health, safety, and welfare of Mr. Fiffie, and had the following responsibilities:

    A.    Inspection, approval and supervision of these various premises for hazards and vices that may present a hazard to Mr. Fiffie;

    B.    To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

    C.    To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Mr. Fiffie;

    D.    To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

    E.    To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

    F.    To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

    G.    To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Mr. Fiffie from being harmed by exposure to asbestos in the environment in which he was required to be present;

    H.    To make certain that Mr. Fiffie was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

    I.    To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act.

    13.    Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the paragraph immediately below. And upon information and belief, Defendants knew of the dusty atmosphere in which Mr. Fiffie was required to enter, and work, which was damaging and dangerous to Mr. Fiffie, and each knew or should have known of the dangers to Mr. Fiffie's health posed by working in an atmosphere polluted with

asbestos dust without proper protection or warnings. Plaintiffs allege that Defendants knew or should have known that respiratory illness such as the mesothelioma suffered by Mr. Fiffie could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

14. On information and belief, Defendants negligently failed in the performance of their responsibilities and/or actual undertakings to provide Mr. Fiffie with safe premises and operations in the following particulars:

A. Failing to properly ventilate the area in which Mr. Fiffie was required to enter in connection with his work;

B. Failing to warn or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Mr. Fiffie's use;

C. Failure to institute safety procedures and plans for the adequate protection of Mr. Fiffie;

D. Failing to warn Mr. Fiffie of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, and lung cancer.

E. Failing to enforce applicable safety rules after such rules were actually adopted;

F. Failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, the occupational exposure to asbestos;

G. Failing to properly supervise operations;

H. Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations caused Mr. Fiffie to be exposed to asbestos dust, without protection;

I. Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

J. Failing to measure the levels of asbestos dust in the premises working environment.

15. The negligence of defendants was a substantial factor that contributed in causing damages to Mr. Fiffie.

## STRICT LIABILITY AND NEGLIGENCE OF
## MANUFACTURER, VENDOR, CONTRACTOR AND SUPPLIER DEFENDANTS

16. The Defendants identified in Paragraph 2 as manufacturers, vendors, contractors and suppliers were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos or asbestos-containing products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the sites listed in Paragraph 7, from which Petitioner was exposed.

17. The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Mr. Fiffie who was an intended and foreseeable user and bystander who was exposed to these asbestos products or asbestos-containing equipment. These defects include, without limitation, the following:

   a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

   b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

   c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

   d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

   e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

   f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

   g. failure to truthfully report or adequately report the results of product testing and

    medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

  h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

  i. defects in the composition and construction of these products;

  j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

  k. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

  l. over warranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

  m. liability to Petitioner in strict liability for things and/or activities in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

18. The defective conditions of defendants' products and asbestos-containing equipment and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

19. Each of these defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

### **STRICT LIABILITY AND NEGLIGENCE OF PREMISES OWNERS**

20. The Defendants identified as premises owners in Paragraph 2 attached hereto are liable for Petitioner's injuries caused by their fault, in the form of strict liability and/or negligence as detailed herein, and in failing to provide Mr. Fiffie with a safe place to work free from the dangers of respirable asbestos-containing dust.

21. These defendants were at all times relevant hereto insured by the insurance companies or insurers yet to be identified.

22. These defendants are liable to Petitioner for the damages described in this Petition for the following acts of negligence while Mr. Fiffie was working within his respective work sites:

  A. Failing to provide respiratory protection to Mr. Fiffie;

B. Failing to provide safety equipment to Mr. Fiffie;

C. Failing to provide general ventilation in Mr. Fiffie's work areas;

D. Failing to provide local exhaust in Mr. Fiffie's work areas;

E. Failing to monitor the air for airborne asbestos fibers in Mr. Fiffie's work areas;

F. Failing to provide Mr. Mr. Fiffie with proper medical monitoring;

G. Failing to educate Mr. Mr. Fiffie of the hazards of asbestos;

H. Failing to post warning or caution signs regarding the hazards of asbestos;

I. Failing to implement wet methods to control the level of airborne asbestos fibers in Mr. Fiffie's work areas;

J. Failing to implement the use of asbestos-free materials; and

K. Inducing Mr. Fiffie to work in areas polluted with respirable asbestos fibers.

23. As a direct result of the aforementioned acts, Mr. Fiffie inhaled and otherwise ingested asbestos fibers from the asbestos and asbestos-containing products present within his work sites and as a direct result, Mr. Fiffie suffered the injuries complained of herein.

24. During the course of Mr. Fiffie's work, he was exposed to asbestos and/or asbestos-containing products which were in the care, control and custody of these defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Mr. Fiffie was exposed, which defect or vice was a cause in fact of Mr. Fiffie's injuries described herein. Accordingly, these defendants are strictly liable to Petitioner in accordance with Louisiana Civil Code articles 2315 and 2317.

25. During the course of Mr. Fiffie's work, he was exposed to asbestos released from these premises, which release was a cause in fact of Petitioner's injuries described herein. Accordingly, these defendants are strictly liable to Petitioner in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp*, 249 So.2d 133 (La. 1971).

26. The premises owner defendants knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed to or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Mr. Fiffie so as to obtain an unjust advantage for themselves over and at the expense of Mr. Fiffie or to cause loss or

inconvenience to Mr. Fiffie. This action or inaction by the defendants was a direct and proximate cause of the damages described herein.

**STRICT LIABILITY AND/OR NEGLIGENCE OF EMPLOYER DEFENDANTS**

29. Petitioner further alleges strict premise liability and/or negligence of the Employer defendants, as identified in Paragraph 2 attached hereto, in failing to provide Petitioner with safe places in which to work free from the hazards of asbestos, and failing to properly train and educate Petitioner regarding the hazards of asbestos, which failures were a direct and proximate cause of Petitioner's exposure to asbestos as described herein.

30. The afore-stated employer defendants were negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Mr. Fiffie in the following particulars:

A. failure to provide Petitioner with a safe place to work;

B. failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the exposure and transportation of asbestos fibers home on Mr. Fiffie's clothing;

C. failure to inform or warn Petitioner of the hazards of asbestos exposure;

D. failure to provide the Petitioner with safety equipment;

E. failure to provide the Petitioner with correct, adequate, or proper safety equipment;

F. recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the Petitioner's work sites;

G. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at his worksites;

H. failure to timely remove asbestos hazards from the workplace;

I. failure to properly supervise or monitor the work areas for compliance with safety regulations; and

  J. failure to provide a safe and suitable means of eliminating the amount of asbestos dust in the air. These specific acts of fault were a substantial contributing factor of Petitioners' injuries.

31. During the course of Petitioner's work at the afore-stated Employer Defendants' premises/facilities, the asbestos or asbestos-containing products to which contributed to Mr. Fiffie's exposure were all within the care, custody, and control of the respective Defendants, and Employer Defendants are therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, et seq., 2315, and 2317.

## DAMAGES

32. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related mesothelioma of Mr. Fiffie, and of the following general and special damages including:

A. The conscious physical pain and suffering and mental anguish sustained by Mr. Fiffie

B. The physical impairment suffered by Mr. Fiffie (past, present and future);

C. The disfigurement suffered by Mr. Fiffie;

D. Reasonable and necessary medical expenses incurred by Mr. Fiffie;

E. All past, present and future lost earnings and loss of earning capacity;

F. Loss of quality of life;

G. All other forms of relief provided by law or equity together with interest from the date of injury until paid, plus costs of these proceedings.

**WHEREFORE**, Petitioner demands judgment against the Defendants, and each of them, jointly, severally and/or in solido for all damages, for their costs expended herein, for judicial interest from the date of judicial demand, and for such other and further relief, both at law and in equity, to which Petitioners may show themselves justly entitled.

Respectfully submitted,
LANDRY & SWARR, LLC

_____
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP C. HOFFMAN, Bar No. 32277
MATTHEW C. CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

-And-

MAUNE RAICHLE HARTLEY FRENCH &
MUDD

JAMES V. CAMPBELL, Bar No. 38989
1015 Locust Street, Ste. 1200
St. Louis, MO 63101
Telephone: (314) 241-2003
Facsimile: (314) 241-4838

*Attorneys for Plaintiff*

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONERS' ORIGINAL PETITION FOR DAMAGES:

1. **TAYLOR-SEIDENBACH, INC.**
   A corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana
   Through Its Registered Agent:
   Robert I. Shepard
   731 South Scott Street
   New Orleans, LA 70119

2. **THE CAJUN COMPANY f/k/a The Cajun Insulation Company**
   Through Its Registered Agent:
   James L. Pate
   1001 W. Pinhook Rd., Ste. 200
   Lafayette, LA 70503

3. **EAGLE, INC., f/k/a EAGLE ASBESTOS & PACKING CO., INC.**
   Through Its Registered Agent:
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, LA 70163

4. **MCCARTY CORPORATION**
   A Louisiana Corporation
   Through Its Registered Agent:
   Paul H. Spaht
   4232 Bluebonnet Blvd.
   Baton Rouge, LA 70809

5. **ANCO INSULATIONS, INC.**
   Through Its Registered Agent:
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

6. **CAIRE AND GRAUGNARD OF LOUISIANA, LLC**
   Through Its Registered Agent:
   Francis G. Graugnard
   1808 Bayou Road
   Thibodaux, LA 70301

7. **CAIRE AND GRAUGNARD**
   C/O Francis G. Graugnard
   1808 Bayou Road
   Thibodaux, LA 70301

8. **RIVER PARISH MAINTENANCE, INC.**
   Through Its Registered Agent:
   Roger D. Landry
   16179 River Road
   Hahnville, LA 70057

9. **HUNTINGTON INGALLS INCORPORATED, F/K/A NORTHROP GRUMMAN SHIP SYSTEMS, INC., F/K/A AVONDALE INDUSTRIES**
   Through Its Registered Agent:
   C.T. Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

10. **TRAVELERS CASUALTY AND SURETY COMPANY, F/K/A THE AETNA CASUALTY AND SURETY COMPANY, as the Liability Insurers of the following Avondale Executive Officers: Henry "Zac" Carter, John Chantrey, Hettie Margaret "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, C. Edwin Hartzman, George Kelmell, John McCue, Ewing Moore, James O' Donnell, J.D. Roberts, Earl Spooner, Peter Territo, and Steven Kennedy**
    (via service of process by the Direct Action Statute L.R.S. 22:655)
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

11. **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, as the Liability Insurers of the following Avondale Executive Officers: Henry "Zac" Carter, John Chantrey, Hettie Margaret "Dawes" Eaves, J. Melton Garrett, Ollie Gatlin, C. Edwin Hartzman, George Kelmell, John McCue, Ewing Moore, James O' Donnell, J.D. Roberts, Earl Spooner, Peter Territo, and Steven Kennedy**
    (via service of process by the Direct Action Statute L.R.S. 22:655)
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

12. **UNION CARBIDE CORPORATION**
    Through Its Registered Agent:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

13. **SHELL OIL CORPORATION**
    Through Its Registered Agent:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

14. **OCCIDENTAL CHEMICAL CORPORATION, individually and as successor-in-interest to Hooker Chemicals & Plastic Corporation**
    Through Its Registered Agent:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

15. **IMTT-GEISMAR**
    Through Its Registered Agent:
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816