UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN FIFFIE, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO. 22-466

TAYLOR-SEIDENBACH, ET AL.                     SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff Monique Mohammed's motion to remand this matter to the Civil District Court for the Parish of Orleans.[1]  Defendant IMTT-Geismar opposes the motion.[2]   For the following reasons, the Court grants plaintiff's motion.

## I.    BACKGROUND

This case arises from decedent Alvin Fiffie's alleged exposure to asbestos.   In his complaint, Fiffie contended that he experienced occupational exposure to asbestos from multiple sources, including his work on Avondale's shipyards.[3]   He asserted that as a result of his asbestos exposures, he contracted mesothelioma.[4]  Fiffie filed a petition for damages

---

[1]    R. Doc. 72.
[2]    R. Doc. 78.
[3]    R. Doc. 1-1 ¶ 7.
[4]    *Id.* ¶ 11.

in the Civil District Court for the Parish of Orleans against a number of entities that were allegedly responsible for his exposure to asbestos, including Avondale.[5]

Avondale then removed the action to federal court.[6]  In its notice of removal, Avondale asserted that the action arises "under the Constitution, laws or treaties of the United States" because the claims against Avondale pertained to actions Avondale took in its capacity as a contractor for the federal government.[7]  It thus contended that it had a colorable claim to government contractor immunity and derivative sovereign immunity under the doctrines announced in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and *Yearsley v. W.A. Ross. Contr. Co.*, 309 U.S. 18 (1940), respectively.[8]

After the case was removed to this Court, Fiffie died, and his daughter, Monique Mohammed, moved to substitute herself as plaintiff in this action.[9] She then filed an amended complaint in which she added survival and

---

[5]    *Id.* ¶ 2.

[6]    R. Doc. 1.

[7]    *Id.* at 1.

[8]    *Id.* at 11.  Avondale further asserted that Fiffie's claims are pre-empted by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act.  *Id.* at 12.

[9]    R. Doc. 62.

wrongful death claims.[10]   Mohammed then settled all claims against Avondale and voluntarily dismissed Avondale as a defendant.[11]   Shortly thereafter, Avondale voluntarily dismissed all cross claims and third-party claims it had asserted in this action.[12]

Mohammed then moved for remand on the grounds that after the Avondale settlement, there are no longer any federal issues implicated in this matter.[13]  Defendant IMTT-Geismar is the only party that opposes plaintiff's motion.[14]  The Court considers the motion below.

## II.   DISCUSSION

As a general matter, district courts do not "lose jurisdiction once [a] plaintiff cease[s] to assert a claim that was subject to the federal contractor defense," or "if the facts later indicate the federal defense fails."  *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862 (2021).  Nevertheless, under 28 U.S.C. § 1367(c)(3), when federal-law claims that serve as the basis of subject matter jurisdiction are dismissed, and only state-law claims based on supplemental jurisdiction remain, a district court has broad discretion to

---

[10]     R. Doc. 65.
[11]     R. Doc. 69.
[12]     R. Doc. 71.
[13]     R. Doc. 72.
[14]     R. Doc. 78.

remand the state-law claims.  *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished, [and] the decision as to whether to retain the pendent claims lies within the sound discretion of the district court.")  In deciding whether to remand the remaining state-law claims, courts must "analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendent state law claims." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011).

The relevant statutory factors are those found in section 1367, which permit district courts to decline supplemental jurisdiction where "(1) the claim[s] raise novel or complex issue of state law, (2) the [state] claim[] substantially predominate[s] over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing 28 U.S.C. § 1367(c)).  The common-law factors include judicial economy, convenience, fairness, and comity.  *Enochs*, 641 F.3d at 158.  The "general rule" is for courts to decline to exercise jurisdiction over remaining state-law claims when all federal

4

claims have been dismissed prior to trial. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

In this case, the factors weigh in favor of remand. Undoubtedly, both the second and third statutory factors are met: state-law issues "substantially predominate" in this case, and the Court has dismissed all claims over which it has original jurisdiction. *Mendoza*, 532 F.3d at 346.

The common-law factors likewise support remand. The common-law factor of comity "demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)). Given the overwhelming predominance of state-law issues in this case, the factor of comity weighs in favor of remand.

The remaining common-law factors are neutral. Because this Court has issued no substantive orders in this matter, nor has it expended significant judicial resources on it, judicial efficiency is not undermined by remand. *Compare Savoie v. Huntington Ingalls, et al.*, No. 15-1220, 2022 WL 807525, at *4 (E.D. La. Mar. 17, 2022) (denying remand motion when "[t]he case has been pending in [federal court] for several years," "[t]here are

700 docket entries to date," and the court "has already expended significant judicial resources and is intimately familiar with the facts of th[e] case"). As to convenience, the state court to which plaintiff seeks to have the case remanded is located in Orleans Parish. IMTT-Geismar has identified no reasons that litigating in state court in Orleans Parish would be less convenient than litigating in federal court in Orleans Parish. *Cf. Enochs*, 641 F.3d at 160 ("[I]t is certainly more convenient for the case to have been heard in the Texas state court . . . where all of the parties, witnesses, and evidence were located."); *Inge v. Walker*, 2016 WL 4920288, at *9 (N.D. Tex. Sept. 15, 2016) ("When considering convenience in relation to location, the Court determines that the factor is neutral as the state and federal court are located within the same city."). Finally, as to fairness, IMTT-Geismar does not identify any reasons why a state court would be unlikely to fairly resolve the claims pending against it.

Rather, IMTT-Geismar bases its opposition solely on a decision from another court in this district that denied remand following the dismissal of Avondale from another asbestos-exposure case. But that case had "been pending in federal court for several years," the court had "expended significant judicial resources on deciding multiple dispositive motions," and "the case [was] ripe for trial in a few weeks." *Ragusa v. La. Ins. Guar. Ass'n*,

6

No. 21-1971, 2023 WL 2646754, at * (E.D. La. Mar. 27, 2023). That case bears little resemblance to this action. Although IMTT-Geismar notes that the trial date is three months away, courts routinely remand cases near the trial date when federal claims have been dismissed. *See Broussard v. Huntington Ingalls, Inc., et al.*, 20-836, R. Doc. 228 (E.D. La. Mar. 7, 2022) (granting motion for remand filed less than three weeks before trial); *Danos, et al. v. Huntington Ingalls, Inc., et al.*, 20-847, No. 328 (E.D. La. Oct. 14, 2022) (granting motion for remand filed one month before trial).

In light of the balance of statutory and common-law factors, the Court finds that IMTT-Geismar has failed to establish that a departure from the "general rule" that when "all the federal claims are dismissed prior to trial, a district court should dismiss the state-law claims" is warranted. *Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 509 (5th Cir. 2013). The Court thus grants plaintiff's motion to remand.

## III.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion.  This matter is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __25th__ day of April, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE